IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES W. WARNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.3:13-CV-1043-M |
| | § | |
| | § | |
| SEIKO CORPORATION of | § | |
| AMERICA, | § | |
| | § | |
| Defendant. | § | |

## JOINT REPORT

TO THE HONORABLE JUDGE BARBARA LYNN:

Pursuant to this Court's order dated April 15, 2013, Plaintiff Charles W. Warner ("Plaintiff" or "Warner") and Defendant Seiko Corporation of America ("Defendant" or "Seiko") submit this Joint Report following their Rule 26 Conference. A face-to-face conference took place at the offices of Gillespie, Rozen & Watsky, P.C. on Wednesday, May 8, 2013. Warner was represented by lead counsel, Hal K. Gillespie. Seiko was represented by Taylor E. White of Jackson Lewis LLP. The parties discussed all matters contemplated by this Court's Order and hereby report:

### A.   NATURE AND BASIS OF CLAIMS AND DEFENSES

Warner alleges that Seiko has violated his rights under the ADEA, having terminated him after he raised concerns to Seiko's human resources about age discriminatory animus. Warner alleges he experienced both age discrimination and retaliation for raising concerns about age discriminatory animus from Seiko's management. Warner filed age discrimination and retaliation charges with the Texas Commission on Human Rights, Civil Rights Division on

January 8, 2013; he will amend this lawsuit to add those state law claims when the requisite 180 days after filing have elapsed. Warner further refers the Court to his Original Complaint and Jury Demand.

Seiko denies that it has violated Plaintiff's rights under the ADEA or any other applicable law. It further refers the Court to its Answer to Plaintiff's Original Complaint and Jury Demand for other allegations and affirmative defenses.

### B.  POSSIBILITY FOR PROMPT RESOLUTION

The parties have engaged in preliminary settlement discussions prior to the filing of this lawsuit. The parties will continue discussions of settlement in accordance with the Local Rules.

### C.  ARRANGEMENT FOR RULE 26(A)(1) DISCLOSURES

The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before **June 7, 2013**.

### D.  REQUIRED INFORMATION

1.  **Brief Statement of Claims and Defenses**:

Warner alleges that Seiko has violated his rights under the ADEA, having terminated him after he raised concerns to Seiko's human resources about age discriminatory animus. Warner alleges he experienced both age discrimination and retaliation for raising concerns about age discriminatory animus from Seiko's management. Warner further refers the Court to his Original Complaint and Jury Demand.

Seiko denies that it has violated Plaintiff's rights under the ADEA or any other applicable law. It further refers the Court to its Answer to Plaintiff's Original Complaint and Jury Demand for other allegations and affirmative defenses.

**2.**     **Proposed Deadline for Filing Motions for Leave and to Join Other Parties:**

**July 31, 2013**.

**3.**     **Proposed Deadline to Amend Pleadings:**

**November 29, 2013**.

**4.**     **Proposed Motion Deadline (including Motions for Summary Judgment):**

**February 3, 2014**.

**5.**     **Proposed Deadline for Initial Designation of Experts:**

**October 20, 2013**.

**6.**     **Proposed Deadline for Responsive Designation of Experts:**

**November 20, 2013**.

**7.**     **Proposed Deadline for Objections to Experts (*Daubert* motions):**

**February 3, 2014**.

**8.**     **Proposed Plan and Schedule for Discovery:**

   **a.**   **Subjects on which Discovery is Needed**:

   The parties will endeavor to agree on necessary discovery. In the event that agreement cannot be reached, the parties propose that they then identify and submit disputed issues to the Court.

   **b.**   **Deadline for Written Discovery**:

   **January 15, 2014**.

   **c.**   **Deadline for Expert Discovery**:

   **January 15, 2014**.

   **d.**   **Whether Discovery Should be Conducted in Phases or Limited to Particular Issues**:

   No.

**JOINT REPORT**                                                                                                              3

9. **Any Needed Changes or Limitations to Discovery**:

None at this time.

10. **Proposed Means for Discovery of ESI**:

The parties do not envision complicated issues regarding ESI and will attempt to conduct discovery by agreement as to ESI issues. In the event that agreement cannot be reached, the parties propose that they then identify and submit disputed issues to the Court.

11. **Proposals Regarding the Handling and Protection of Privileged or Trial-Preparation Material**:

The parties do not envision complicated issues regarding the handling and protection of privileged or trial preparation materials and will attempt to conduct discovery by agreement as to these issues. In the event that agreement cannot be reached, the parties propose that they then identify and submit disputed issues to the Court.

12. **Proposed Trial Date, Estimated Number of Days for Trial and Status of Jury:**

The Parties propose a trial date of **May 19, 2014**. Warner estimates 5 days for trial, and Seiko estimates 3 days for trial. A jury has been demanded.

13. **Proposed Date for Further Settlement Negotiations**:

**October 18, 2013**.

14. **Objections to Fed. R. Civ. P. 26(a)(1) asserted at Scheduling Conference; Modifications to Timing/Form/Requirement of Disclosures**:

The parties have agreed to exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before **June 7, 2013**.

15. **Consent to Trial Before U.S. Magistrate Judge Renee Harris Tolliver**:

The parties do not consent.

**16.     Mediation:**

The parties would consider mediation of this matter after sufficient discovery to facilitate evaluation of settlement value.  If the parties agree that mediation may be beneficial, they will endeavor to agree upon a mediator.  If they are unable to reach agreement as to a mediator, either party may request the Court to select a mediator for this matter.

**17.     Other Discovery Proposals**:

None at this time.

**18.     Whether a Conference with the Court is Necessary**:

Not at this time.

**19.     Other Matters Relevant to Status and Disposition/Orders Needed**:

None at this time.

DATED: May 28, 2013.                         Respectfully submitted,

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:    (214) 720-2291

By: */s/ Hal K. Gillespie*
         Hal K. Gillespie
         State Bar No. 07925500
         Cheryl R. Drazin
         State Bar No. 24027826

ATTORNEYS FOR PLAINTIFF

**JOINT REPORT**                                                                                              5

By: */s/ William L. Davis*
William L. Davis
State Bar No. 05563800
*davisw@jacksonlewis.com*
Taylor E. White
State Bar No. 24070843
*taylor.white@jacksonlewis.com*

JACKSON LEWIS LLP
500 North Akard, Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Fax:     (214) 520-2008

ATTORNEYS FOR DEFENDANT